Case 4:15-cv-00148-JM   Document 1   Filed 03/13/15   Page 1 of 71



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**MAR 13 2015**

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

AMBER GLOVER, on Behalf of Herself                    PLAINTIFF
and Those Similarly Situated

v.                          CASE NO. 4:15-cv-148-Swww

TED E. SUHL; LAURA SUHL; SHIRLEY SUHL;
TED SUHL D/B/A ARKANSAS COUNSELING
ASSOCIATES, INC.; TED SUHL, d/b/a TRINITY **This case assigned to District Judge** Wright
BEHAVIORAL HEALTH; TED SUHL d/b/a THE **and to Magistrate Judge** Volpe
LORD'S RANCH; ARKANSAS COUNSELING
ASSOCIATES, INCORPORATED; THE LORD'S
RANCH BEHAVIORAL HEALTH CARE SYSTEM,
INCORPORATED; TRINITY BEHAVIORAL HEALTH
CARE; MAXUS, INC.; MAXUS, INC. d/b/a ARKANSAS
COUNSELING ASSOCIATES; SHERRY MANLEY
and JOEL LANDRENEAU                           DEFENDANTS

## NOTICE OF REMOVAL

Comes now, Defendants, designated herein as Ted E. Suhl; Laura Suhl; Shirley Suhl;

Ted Suhl d/b/a Arkansas Counseling Associates, Inc.; Ted Suhl, D/b/a Trinity Behavioral

Health; Ted Suhl d/b/a the Lord's Ranch; Arkansas Counseling Associates, Incorporated;

the Lord's Ranch Behavioral Health Care System, Incorporated; Trinity Behavioral

Healthcare; Maxus, Inc.; Maxus, Inc. d/b/a Arkansas Counseling Associates; Sherry Manley

and Joel Landreneau, by and through their attorneys, Wilcox & Lacy, PLC and Scholtens &

Averitt, PLC, and for their Notice of Removal, state:

1.    Plaintiff commenced this action when she filed her complaint on January 26,

2015 in the Circuit Court of Faulkner County, Arkansas; said action was docketed as Case

1

No. CV-15-68. Plaintiff also issued Summonses to be served upon Defendants Ted E. Suhl; Laura Suhl; Shirley Suhl; Ted Suhl d/b/a Arkansas Counseling Associates, Inc.; Ted Suhl, D/b/a Trinity Behavioral Health; Ted Suhl d/b/a the Lord's Ranch; Arkansas Counseling Associates, Incorporated; the Lord's Ranch Behavioral Health Care System, Incorporated; Trinity Behavioral Healthcare; Maxus, Inc.; Maxus, Inc. d/b/a Arkansas Counseling Associates; Sherry Manley and Joel Landreneau. Plaintiffs' Complaint and all other pleadings filed by Plaintiffs in Faulkner County action CV-15-68 are attached hereto as exhibit A. Defendants filed their answer in Faulkner County action CV-15-68 on March 13, 2015. See exhibit B. Exhibits A and B represent the entirety of the pleadings and filings on record with the Faulkner County Circuit Clerk in Case No. CV-15-68.

2.      Separate Defendant Maxus Inc. was served via the Corporation Company on February 17, 2015. The remaining Defendants have not yet been properly served. This Notice of Removal was filed within 30 days after service on Defendant Maxus, Inc. This notice of removal is timely filed, pursuant to 28 U.S.C. §1446(b).

3.      All Defendants join in and consent to the removal of this action.

4.      Plaintiff asserts claims which arise under the laws of the United States and this is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331.

5.      This cause of action may be removed to this Court pursuant to 28 U.S.C. §1441.

6.      This Court has original jurisdiction over Plaintiffs' claims asserted under

2

Federal law. Specifically, this case is removable on the basis of federal question jurisdiction because Plaintiffs' Complaint seeks, *inter alia*, damages pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et. seq*. and seeks class certification pursuant to Fed. R. Civ. P. 23 (*Id*. at para. 51). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiffs' Fair Labor Standard Act claims as well as the multiple state court claims derive from a common nucleus of operative facts and arise from the same alleged acts and occurrences.

7.     The United States District Court, Eastern District of Arkansas, embraces the county in which the state court action is now pending; thus, this Court is the proper venue.

8.     Defendants are contemporaneously herewith providing written notice of filing of this notice of removal to Plaintiff and filing notice thereof with the clerk of the Circuit Court of Faulkner County, Arkansas.

WHEREFORE, designated Defendants herein as Ted E. Suhl; Laura Suhl; Shirley Suhl; Ted Suhl d/b/a Arkansas Counseling Associates, Inc.; Ted Suhl, D/b/a Trinity Behavioral Health; Ted Suhl d/b/a the Lord's Ranch; Arkansas Counseling Associates, Incorporated; the Lord's Ranch Behavioral Health Care System, Incorporated; Trinity Behavioral Healthcare; Maxus, Inc.; Maxus, Inc. d/b/a Arkansas Counseling Associates; Sherry Manley and Joel Landreneau, pray that this action be removed to the United States District Court, Eastern District of Arkansas; that no further proceedings be had in the Circuit Court of Faulkner County, Arkansas; and for all other relief to which they are entitled.

3

Respectfully Submitted,

Tony L. Wilcox #93084
Wilcox & Lacy, PLC
600 S. Main Street
Jonesboro, AR 72401

AND

Chris A. Averitt #98123
Scholtens & Averitt, PLC
113 E. Jackson
Jonesboro, AR 72401

Tony L. Wilcox #93084

## CERTIFICATE OF SERVICE

I, Tony L. Wilcox, hereby certify that a true and correct copy of the foregoing was
sent via U.S. Mail on this 13th day of **March, 2015,** to the following:

Denise Reid Hoggard
Rainwater Holt & Sexton
P.O. Box 17250
Little Rock, AR 72222

Tony L. Wilcox

4

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
# STATE OF ARKANSAS
# CIRCUIT COURT: CIVIL


To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: Faulkner        District: 20        Docket Number: CV-15-08
Judge: Murphy        1st DIVISION        Filing Date: 1-20-15
        Division:
Plaintiff: Amber Glover        Defendant: Ted E. Suhl, et al.

Attorney Providing Information: Denise Reid Hoggard        PO Box 17222, Little Rock, AR 72222; 501-868-2500
☒ Plaintiff   ☐ Defendant   ☐ Intervenor        Address

Litigant, if Pro Se: _____

Related Case(s): Judge _____        Address
                                                 Case Number(s) _____

**Type of Case:**

*Torts*
- ☐ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☐ (OD) Other _____

*Contracts*
- ☐ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☒ (EM) Employment
- ☐ (OC) Other _____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other _____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs _____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other _____

Jury Trial Requested: ☒ Yes ☐ No        Manner of Filing: ☒ Original ☐ Re-open ☐ Transfer
                                                              ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: _____        ☐ Bench Trial    ☐ Non-Trial   ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff   ☐ Defendant   ☐ Both        Judgment Amount: $ _____

Clerk's Signature _____        Date _____

AOC 23   10-01
625 Marshall Street
Little Rock, AR 72201

| Effective 1-1-2002 |

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in cc

**EXHIBIT A**

23CV-15-68        231-23100008872-100
AMBER GLOVER V TED E. SUHL ET 1 Page
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT        AOCV

**IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS**
**1st DIVISION___ DIVISION**



AMBER GLOVER, on Behalf of Herself
And Those Similarly Situated

VS.                                    NO. CV-15-108

TED E. SUHL; LAURA SUHL; SHIRLEY SUHL;
TED SUHL d/b/a ARKANSAS COUNSELING
ASSOCIATES, INC.,; TED SUHL d/b/a TRINITY
BEHAVIORAL HEALTH; TED SUHL d/b/a
THE LORD'S RANCH; ARKANSAS COUNSELING
ASSOCIATES, INCORPORATED; THE LORD'S RANCH
BEHAVIORAL HEALTH CARE SYSTEM, INCORPORATED;
TRINITY BEHAVIORAL HEALTH CARE;
MAXUS, INC..; MAXUS, INC. d/b/a ARKANSAS
COUNSELING ASSOCIATES; SHERRY MANLEY
and JOEL LANDRENEAU

23CV-15-68          231-23100008872-101
AMBER GLOVER V TED E. SUHL   12 Pages
FAULKNER CO          01/26/2015 09:26 AM
CIRCUIT COURT                      CC05

**DEFENDANTS**

## COMPLAINT

Plaintiff, Amber Glover, comes by and through undersigned counsel and for her Complaint

against Defendants states:

1.      This is an individual and collective action brought for minimum wage and overtime

violations, for Plaintiff and those similarly situated to her as employees of Defendants, of the

Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, et seq. (the "AMWA"); and the Fair

Labor Standards Act, 29 U.S.C.A. §206, 207. It is also brought pursuant to Ark. Code Ann. §11-

4-205 for Defendant's failure to pay final wages when due. It is also brought for violation of the

AMWA and the FLSA for retaliatory discharge from her employment.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this case pursuant to Arkansas Code

Ann. §16-13-201 and pursuant to the FLSA, 29 U.S.CA. §201 *et seq.* Arkansas Code Ann. §11-4-

218(c) provides that "[t]he venue of the action shall lie in the circuit court of the county in which



the services that are the subject of employment were performed." In this case, Plaintiff performed the services that are the subject of the employment in and near the city of Conway, Faulkner County, Arkansas.

**PARTIES**

3. Plaintiff Amber Glover is a resident of Faulkner County, Arkansas. Plaintiff was formerly employed by Defendants.

4. Defendant Ted E. Suhl, is owner and president of Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus Corp. and Maxus d/b/a Arkansas Counseling Associates. At all times relevant hereto, he was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

5. Defendant Laura Suhl, is an officer in Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus, d/b/a Arkansas Counseling Associates and Maxus Corp. Defendant Laura Suhl, is the vice president of Maxus Corp. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

6. Defendant Shirley Suhl, is an officer in Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus, d/b/a Arkansas Counseling Associates and Maxus Corp. Defendant Shirley Suhl, is the treasurer of Maxus Corp. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She

managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

7.      Defendant Ted E. Suhl did business as Arkansas Counseling Associates Inc. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

8.      Defendant Ted E. Suhl did business as Trinity Behavioral Health. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

9.      Defendant Ted E. Suhl did business as the Lord's Ranch. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

10.     Defendant Arkansas Counseling Associates, Incorporated is an Arkansas corporation doing business in Faulkner County, AR.  Defendant Arkansas Counseling Associates, Inc. is a business in Arkansas, owned and operated by Maxus Inc.., and/or Trinity Behavioral Health Care and Ted E. Suhl.  At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

11.     The Lord's Ranch Behavioral Health is a company doing business in Faulkner County, AR.  Defendant the Lord's Ranch is a residential care facility owned and operated by Maxus Corp., and/or Trinity Behavioral Health Care and Ted E. Suhl. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

12.     Trinity Behavioral Health Care is a company doing business in Faulkner County, AR.  Defendant Trinity Behavioral Health Care is an Arkansas corporation with a principal place

of business in Pocahontas, Arkansas. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

13.     Maxus, Inc. is an Arkansas corporation doing business in Faulkner County, AR. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. Defendant Maxus Corp. is an Arkansas corporation with a principal place of business in Pocahontas, Arkansas.

14.     Maxus, Inc. d/b/a Arkansas Counseling Associates is a company doing business in Faulkner County, Arkansas. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

15.     Sherry Manley was at all relevant times, an officer or agent for Maxus Corp. and Maxus d/b/a Arkansas Counseling Associates. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

16.     Defendant Joel Landreneau was at all relevant times, an officer or agent for Maxus Corp. At all times relevant hereto, he was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

17.     Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. §203(r) and §203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. §203(r)(1), they performed related activities through common control for a common business purpose. At relevant times, the enterprises engaged in commerce within the meaning of 29 U.S.C. §206(a) and §207(a).

18. At all relevant times, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the AMWA and the FLSA.

19. No exceptions or exemptions of the AMWA and the FLSA apply to Plaintiffs and the proposed class.

20. Plaintiff and those similarly situated do not fit the definition of "independent contractor" as defined under Ark. Code Ann. §11-4-201, *et seq.*

## FACTUAL ALLEGATIONS

21. On August 24, 2012, Plaintiff signed a Paraprofessional Service Agreement with Defendant Maxus d/b/a Arkansas Counseling Associates. The Agreement was drafted by one or more of the Defendants.

22. The Agreement provided that Plaintiff would be paid an hourly rate of pay, and would be required to provide counseling services to Defendants' clients.

23. She was required to travel between facilities, attend mandatory training courses, and draft reports and billing statements, all for the benefit of Defendants.

24. Defendants paid Plaintiff her wages and benefits, controlled her work schedules, duties, protocols, assignments and employment conditions, and kept at least some records regarding her employment.

25. Plaintiff performed her duties for the benefit of Defendants and for advancing their business interests. Defendants then billed its clients for services Plaintiff performed.

26. Defendants classified Plaintiff as non-exempt under the AMWA and the FLSA, and in all relevant respects treated her as an hourly employee. Taxes were withheld from her payroll and she was issued a W-2 Internal Revenue Service form at the end of the year.

27. Defendants determined how many clients were assigned to Plaintiff.

28.     Defendants required that Plaintiff only perform counseling services for clients they assigned to Plaintiff.

29.     Defendants prohibited Plaintiff from performing services for competing companies.

30.     Defendants set the fees to be paid by clients for the services Plaintiff performed.

31.     Plaintiff performed services under the Defendants' names.

32.     The services Plaintiff performed were directly integrated into the Defendants' business.

33.     Defendants required Plaintiff to provide counseling services to its clients without regard to how long it took her to provide the services.

34.     Defendants' stated policy was that Plaintiff would be paid based upon the number of billable hours that Defendants were actually paid for providing services without regard to what hours she worked to provide the services.

35.     Defendants' stated policy was that Plaintiff was not paid for time she traveled to and from client's homes or schools where she provided the services.

36.     Plaintiff was required to complete a timesheet of her hours worked but was not allowed to record her travel time, nor actual hours of work.

37.     Plaintiff's regular rate of pay was $18.75 per hour.

38.     Plaintiff was not paid minimum wages for all hours worked and was not paid an overtime premium for hours worked over 40 in a workweek.

39.     Plaintiff complained to management and to Defendant Sherry Manley that she was not being paid for all hours worked.

40.     Subsequent to having complained about not being paid her wages owed to her under the AMWA and the FLSA, Plaintiff's employment was terminated.

41.     Others similarly situated were also employed as "counselors" by Defendants and subjected to the same terms and conditions for pay.

42.     On December 20, 2013, Plaintiff's employment was suspended and she was told by Defendant Manley that the suspension had "something" to do with billing.

43.     Defendants failed to pay Plaintiff for her work performed from December 6, 2013 through December 20, 2013.

44.     Plaintiff made five requests to be paid her final pay.

45.     Defendants did not pay Plaintiff after her timely requests.

## PROPOSED COLLECTIVE FLSA AND RULE 23 CLASS

46.     Plaintiff brings this action for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendants as "Counselors" improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to the follow damages:

(a)     minimum wages for the first forty (40) hours for each hour worked in a work week; and

(b)     overtime premium pay for all hours worked in excess of forty (4) hours in a work week.

47.     Plaintiff will fairly and adequately represent and protect the interests of the proposed class. There is no conflict between the claims. Plaintiff's claims are typical. There are questions of law and fact which predominate over questions affecting only the Plaintiff. Plaintiff's counsel are competent to litigate Rule 23 class actions, including wage and hour cases.

48.     Damages extend through the relevant time period of three years from the date on which this Complaint is filed and continue through the date of judgment. 29 U.S.C. §255(a).  For Rule 23 class claims through the Arkansas Minimum Wage Act, A.C.A. §11-4-201, *et seq.* is five years from the date the Complaint if filed and continuing through the date of judgment.

49.     Plaintiff does not have an exact number of how many people are within this class but believes there are more than 50 persons.

50.     Defendants should be able to readily identify the members of the class who are current and former employees.  The names and physical and mailing addresses of the class members are available from Defendant and notice should be provided via first class mail and email to their last known physical and mailing addresses as soon as possible.

51.     The proposed class under both Fed. R. Civ. P. 23 and the collective provisions of the FLSA is composed of persons who, during the relevant time period, worked for Defendants providing counseling services to their clients and were denied their clearly-established, fundamental rights under applicable federal and state law.

## FIRST CAUSE OF ACTION – FAILURE TO PAY STATUTORY MINIMUM WAGE

52.     Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, and the Arkansas Minimum Wage Act, Plaintiff makes this claim for damages and declaratory relief.

53.     At all times relevant to this cause, Defendants were employers as defined under the Act, engaged in interstate commerce and/or in the production of goods for commerce.

54.     At all times relevant to this cause, Defendants employed and continue to employ employees, including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, in interstate commerce within the meaning of the FLSA and the AMWA.

55.     At all times relevant to this cause, Defendants had gross annual operating revenues in excess of $500,000.

56.     Defendants failed to pay Plaintiff and the prospective FLSA Collective Action Plaintiffs minimum wages set forth in the FLSA.

57.     Defendants failed to pay Plaintiff and the prospective Rule 23 plaintiffs' minimum wages set forth in the AMWA.

58.     Plaintiff and the Class members are entitled to the full amount of unpaid minimum wages, costs and such reasonable attorney fees as may be allowed. They are also entitled to an additional amount paid as liquidated damages.

## SECOND CAUSE OF ACTION – FAILURE TO PAY STATUTORY OVERTIME PAY

59.     Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, and the Arkansas Minimum Wage Act, Plaintiff makes this claim for damages and declaratory relief.

60.     Defendants are required to pay Plaintiff and the prospective Rule 23 plaintiffs at a rate of one and one-half times the regular rate of pay for hours worked in excess of forty in a workweek.

61.     Defendants suffered or permitted Plaintiff and the prospective Rule 23 plaintiffs more than forty hours in a workweek.

62.     Defendants failed to pay Plaintiff and the prospective FLSA Collective Action Plaintiffs overtime pay set forth in the FLSA.

63.     Defendants failed to pay Plaintiff and the prospective Rule 23 Plaintiffs overtime pay set forth in the AMWA.

64.     Plaintiff and the Class members are entitled to the full amount of the wages, costs
and such reasonable attorney fees as may be allowed. They are also entitled to an additional
amount paid as liquidated damages.

## THIRD CAUSE OF ACTION – UNJUST ENRICHMENT

65.     Defendants received value from Plaintiff and the proposed class members without
providing compensation.

66.     Defendants obtained substantial benefits by billing clients for services performed
by Plaintiff and the proposed class members for which Defendants did not pay.

67.     Defendants conduct was willful and not the result of mistake or inadvertence.

68.     It is inequitable to allow Defendants to retain benefits received without having
compensated Plaintiffs for the work performed.

69.     As a direct result of Defendants' unlawful, unjust and inequitable conduct, Plaintiff
and all members of the proposed Class have suffered damages.

70.     Plaintiff and all members of the proposed Class are entitled to a judgment for their
financial loss, prejudgment interest, attorneys' fees and costs and all other relief to which they may
be entitled.

## FOURTH CAUSE OF ACTION -- FAILURE TO PAY FINAL WAGES UPON DEMAND

71.     Upon termination of Plaintiff's employment by Defendants, Arkansas statute
requires Defendants to tender the unpaid wages to Plaintiff, at the contract rate. A.C.A. §11-4-
405.

72.     Defendants did not tender the unpaid wages to Plaintiff at the contract rate at the
time of her termination.

73.     Plaintiff made a timely demand for payment of her unpaid wages owed as of her date of termination.

74.     Defendants continued to fail or refused to make payment of Plaintiff's unpaid wages owed as of her date of termination.

75.     Plaintiff is entitled to payment of all unpaid through the date of her termination and for payment of an amount equal to her unpaid wages for 60 days from the date of her termination.

## FIFTH CAUSE OF ACTION – RETALIATION

76.     Plaintiff engaged in a protected activity, including but not limited to questioning Defendants about her pay, requesting pay for hours worked.

77.     Defendants were aware that Plaintiff was engaging in this protected activity.

78.     On December 20, 2013, Plaintiff was suspended within hours of making a request about her pay and benefits.

79.     Defendants then terminated Plaintiff.

80.     Defendants decision to terminate Plaintiff was motivated by Plaintiff's exercise of rights protected by the FLSA and the AMWA.

81.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages and continue to suffer damages.

82.     Plaintiff is entitled to injunctive relief, monetary relief, costs of this action and a reasonable attorney fee.

## PRAYER FOR RELIEF

83.     Plaintiff prays for this Court:

(1)     Grant a declaratory judgment that actions taken against Plaintiff were in violation of the FLSA and the AMWA;

(2)     Grant a declaratory judgment that actions taken against Plaintiff unjustly enriched Defendants;

(3)     Conditionally and conclusively certify the Class which Plaintiff seeks to represent;

(4)     Provide notice to the proposed Class;

(5)     Award Plaintiff and the proposed Class their actual economic damages in an amount to be determined at trial;

(6)     Award Plaintiff and the proposed Class an amount equal to their actual economic damages, in an amount to be determined at trial;

(7)     Award Plaintiff and the proposed Class an amount to compensate them for Defendants unjust enrichment at their expense;

(8)     Award Plaintiff her back pay, front pay, pre-judgment interest, post-judgment interest, attorneys' fees, costs and such other sum as will make her whole for the unlawful acts taken against her in the termination of her employment;

(9)     Award Plaintiff her final wages plus an equal amount for 60-days for violation of A.C.A. §11-4-405; and

(10)    All other relief to which Plaintiff and the proposed Class is entitled to.

84.     Plaintiff demands trial by a jury.

Respectfully submitted,

By:  _____

Denise Reid Hoggard, AR Bar # 84072
Rainwater, Holt & Sexton, P.A.
PO Box 17250
Little Rock, AR  72222
501-868-2500
501-868-2505
hoggard@rainfirm.com

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

**Amber Glover**      **1st DIVISION**

Plaintiff

v.      No. **CV- 15·08**

**Ted E. Suhl, et al.**

Defendant

SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

**Ted E. Suhl**      [Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Reid Hoggard; Rainwater, Holt & Sexton, PA., PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

Rhonda Wharton
by. Allbest D.C.

[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]





23CV-15-68      231-23100008872-102
AMBER GLOVER V TED E. SUHL E 2 Pages
FAULKNER CO      01/26/2015 09:26 AM
CIRCUIT COURT      S550

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____                By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]
**1st DIVISION**

**Amber Glover**

Plaintiff

v.                                              No. **CV- 15U8**

**Ted E. Suhl, et al.**

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Laura Suhl**
_____  [Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Reid Hoggard, Rainwater, Holt & Sexton, PA., PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

Rhonda Wharton
by: allestD.C.
[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]





23CV-15-68        231-23100008872-103
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT              SS50

.

`

No. _____  **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                             [Signature of server]

                             _____
                             [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                             _____
                             Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]
1st DIVISION

**Amber Glover**
_____
Plaintiff

v.                                    No. CV- 15-08

**Ted E. Suhl, et al.**
_____
Defendant

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Shirley Suhl**
_____     [Defendant's name and address.]

1885 Hwy. 62 W., Pocahontas, AR 72455

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Reid Hoggard; Rainwater, Holt & Sexton, PA , PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

[SEAL]



Rhonda Wharton
by: A West D.C.
[Signature of Clerk or Deputy Clerk]

Date: 1-26-15



23CV-15-68        231-23100008872-104
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO      01/26/2015 09:26 AM
CIRCUIT COURT                    SS50

No. _____ **This summons is for** _____ *(name of Defendant).*

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

## Amber Glover

Plaintiff

**1st DIVISION**

v.

No. CV- 1518

## Ted E. Suhl, et al.

Defendant

SUMMONS

### THE STATE OF ARKANSAS TO DEFENDANT:

Arkansas Counseling Associates

[Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17222, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

724 Locust Steet

Conway, AR 72034

Rhonda Wharton

by: Al West D.C.

[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]



23CV-15-68        231-23100008872-105
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO    01/26/2015 09:26 AM
CIRCUIT COURT                    SS50



No. _____   This summons is for _____ *(name of Defendant).*

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF __Faulkner__ COUNTY, ARKANSAS

__Civil__ DIVISION [Civil, Probate, etc.]

## Amber Glover

**1st DIVISION**

Plaintiff

v.                                                  No. CV- 15-U8

## Ted E. Suhl, et al.

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## The Lord's Ranch

[Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17222, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

724 Locust Steet

Conway, AR 72034

Rhonda Wharton

by: All West D.C.

[Signature of Clerk or Deputy Clerk]

Date: __ 1-26-15 __

[SEAL]



23CV-15-68        231-23100008872-106
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO      01/26/2015 09:26 AM
CIRCUIT COURT                      S550

No. _____ **This summons is for** _____ *(name of* **Defendant).**

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____                SHERIFF OF _____ COUNTY, ARKANSAS

                                                     By: _____
                                                     [Signature of server]

                                                     _____
                                                     [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____                By: _____
                                                     [Signature of server]

                                                     _____
                                                     [Printed name]

Address: _____

             _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                                     _____
                                                     Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

_____**Civil**_____ DIVISION [Civil, Probate, etc.]
1st DIVISION

**Amber Glover**
_____

Plaintiff

v.                                    No. **CV- 15-108**

**Ted E. Suhl, et al.**
_____

Defendant

SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

Ted E. Suhl dba Arkansas Counseling Associates, Inc.
_____    [Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17222, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**
_____

**Conway, AR 72034**
_____

Rhonda Wharton

by. Allest D.C.
[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]



23CV-15-68          231-23100008872-107
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO          01/26/2015 09:26 AM
CIRCUIT COURT                        5550

No. _____ This summons is for _____ *(name of Defendant).*

### PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____ _____ [place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____ _____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

         _____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF __Faulkner__ COUNTY, ARKANSAS

__Civil__ DIVISION [Civil, Probate, etc.]

**1st DIVISION**

**Amber Glover**
_____

Plaintiff

v.

No. __CV- 15-08__

**Ted E. Suhl, et al.**
_____

Defendant

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Ted E. Suhl dba The Lord's Ranch
_____  [Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17222, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**
_____

**Conway, AR 72034**
_____

[SEAL]



Rhonda Wharton

by: allest D.C.
[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

23CV-15-68          231-23100008872-108
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO      01/26/2015 09:26 AM
CIRCUIT COURT                      SS50

No. _____   **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

⬛ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

⬛ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

⬛ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

⬛ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

⬛ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

⬛ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

⬛ Other [specify]: _____

⬛ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]

**Amber Glover** 1st DIVISION

Plaintiff

v.  No. **CV- 15-08**

**Ted E. Suhl, et al.**

Defendant

SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

Ted E. Suhl dba Trinity Behavioral Health, Inc.

[Defendant's name and address.]

1033 Old Burr Rd., Warm Springs, AR 72478

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17222, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

Rhonda Wharton

by. Allwest o.c.

[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]





```
23CV-15-68        231-23100008872-109
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO       01/26/2015 09:26 AM
CIRCUIT COURT                     SS50
```

No. _____   This summons is for _____ *(name of Defendant).*

## PROOF OF SERVICE

⌐ I personally delivered the summons and complaint to the individual at _____
_____ _[place] on _____ [date]; or

⌐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

⌐ I left the summons and complaint at the individual's dwelling house or usual place of abode at _____[address] with _____[name], a person at least 14 years of age who resides there, on _____[date]; or

⌐ I delivered the summons and complaint to _____[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____[name of defendant] on _____[date]; or

⌐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

⌐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

⌐ Other [specify]: _____

⌐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                                        By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____            By: _____
                                        [Signature of server]

                                        _____
                                        [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                                        _____
                                        Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate, etc.]
**1st DIVISION**

**Amber Glover**
_____

Plaintiff

v.                                    No. **CV-15-08**

**Ted E. Suhl, et al.**
_____

Defendant

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Maxus, Inc.**
_____          [Defendant's name and address.]

124 W. Capitol Ave., # 1900, Little Rock, AR 72201
_____

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

[SEAL]



Rhonda Wharton

by: _Allest D.C._

[Signature of Clerk or Deputy Clerk]

Date: __1-26-15__

```
23CV-15-68          231-23100008872-110
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO      01/26/2015 09:26 AM
CIRCUIT COURT                    5550
```

No. _____  **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____            By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF __Faulkner__ COUNTY, ARKANSAS

__Civil__ DIVISION [Civil, Probate, etc.]

**Amber Glover**

1 st **DIVISION**

Plaintiff

v.

No. CV-15-108

**Ted E. Suhl, et al.**

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Maxus, Inc. dba Arkansas Counseling Associates

[Defendant's name and address.]

124 W. Capitol Ave., # 1900, Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Hoggard; Rainwater, Holt & Sexton, PA, PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

**724 Locust Steet**

**Conway, AR 72034**

Rhonda Wharton
by: Al West D.C.
[Signature of Clerk or Deputy Clerk]

Date: 1-26-15

[SEAL]



23CV-15-68        231-23100008872-111
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT                       S550

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____          SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____          By: _____
                               [Signature of server]

                               _____
                               [Printed name]

Address: _____

         _____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF __Faulkner__ COUNTY, ARKANSAS

__Civil__ DIVISION [Civil, Probate, etc.]

## Amber Glover

1st DIVISION

Plaintiff

v.

No. __CV- 15-68__

## Ted E. Suhl, et al.

Defendant

SUMMONS

## THE STATE OF ARKANSAS TO DEFENDANT:

__Sherry Manley__    [Defendant's name and address.]

1672 Simington Rd., Pocahontas, AR 72455

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Reid Hoggard; Rainwater, Holt & Sexton, PA., PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

## 724 Locust Steet

## Conway, AR 72034

Rhonda Wharton

by: Allwest D.C.

[Signature of Clerk or Deputy Clerk]

Date: __1-26-15__

[SEAL]





23CV-15-68          231-23100008872-112
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT                    SS50

No. _____ **This summons is for** _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____ [address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____            SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____            By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

THE CIRCUIT COURT OF **Faulkner** COUNTY, ARKANSAS

**Civil** DIVISION [Civil, Probate] DIVISION 1st

## Amber Glover

Plaintiff

v.                                      No. **CV-15 08**

## Ted E. Suhl, et al.

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

## Joel Landreneau                [Defendant's name and address.]

503 E. 10th Street, Smackover, AR 71762

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Denise Reid Hoggard; Rainwater, Holt & Sexton, PA., PO Box 17250, Little Rock, AR 72222

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

## 724 Locust Steet

## Conway, AR 72034

[Signature of Clerk or Deputy Clerk]

Date: **1-26-15**

[SEAL]



23CV-15-68        231-23100008872-113
AMBER GLOVER V TED E. SUHL E 3 Pages
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT                        SS50

No. _____ This summons is for _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____ _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                                  By: _____
                                    [Signature of server]

                                    _____
                                    [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                                    [Signature of server]

                                    _____
                                    [Printed name]

Address: _____

           _____

Phone: _____

Subscribed and sworn to before me this date: _____

                                    _____
                                    Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____



# RAINWATER HOLT & SEXTON, P.A.

ATTORNEYS AT LAW

P.O. Box 17250     Little Rock, AR 72222-7250     Tel: 800-434-4800     Fax: 501-868-2505     www.rainfirm.com

F I L E D

2015 JAN 26   AM 9 29

RHONDA WHARTON CLERK

BY _____ DC

Michael R. Rainwater *‡
J. Stephen Holt (1967-2014)
Robert M. Sexton ‡
Jason E. Owens †
Matthew C. Hutsell *
Jeremy M. McNabb †‡
John M. Rainwater
Jessica B. Vaught
Sarah E. Baber
Thomas J. Diaz ø
Robert L. Beard, Jr.
Vincent P. France
Colin P. Wall
Geoff Thompson
John D. Miller
Denise R. Hoggard *
Danielle E. Robertson
Lauren A. Manatt
April N. Kersten
JaNan A. Davis
(of Counsel)

Little Rock
501-868-2500

Conway
501-328-2000

Hot Springs
501-525-9000

Fayetteville
479-271-2310

1st DIVISION

January 22, 2015

Faulkner County Circuit Clerk
P.O. Box 9
Conway, AR 72034

**Re:** ***Amber Glover v. Ted E. Suhl, et al.***
**Faulkner County Circuit Court**

CV-15-618

Dear Sir/Madam:

Enclosed for filing is the original and one copy of a Complaint regarding the above-referenced case. We would appreciate your filing same, issuing Summons and returning in the envelope provided. Our firm check in the amount of $165.00 and a Civil Cover Sheet is also enclosed to satisfy filing requirements.

We appreciate your assistance in this matter.

Sincerely,

Karen Turner
Paralegal/Litigation Case Manager

Enclosures
7000.9507-LT

23CV-15-68          231-23100008872-114
AMBER GLOVER V TED E. SUHL ET 1 Page
FAULKNER CO          01/26/2015 09:29 AM
CIRCUIT COURT                  FI73T

Also licensed in:
* Mississippi
† Missouri
‡ Tennessee
ø Wisconsin
* Texas



FILED

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
1ST Division

2015 MAR 13   AM 10 51

RHONDA WHARTON, CLERK

AMBER GLOVER, on Behalf of Herself
And Those Similarly Situated

PLAINTIFF DC

BY _____

VS.                                    No. CV-15-68

TED E. SUHL; LAURA SUHL; SHIRLEY SUHL;
TED SUHL d/b/a ARKANSAS COUNSELING
ASSOCIATES, INC.; TED SUHL d/b/a TRINITY
BEHAVIORAL HEALTH; TED SUHL d/b/a
THE LORD'S RANCH; ARKANSAS COUNSELING
ASSOCIATES, INCORPORATED; THE LORD'S RANCH
BEHAVIORAL HEALTH CARE SYSTEM, INCORPORATED;
TRINITY BEHAVIORAL HEALTH CARE;
MAXUS, INC.; MAXUS, INC. d/b/a ARKANSAS
COUNSELING ASSOCIATES; SHERRY MANLEY
and JOEL LANDRENEAU                                    DEFENDANTS

## ANSWER

The Defendants, designated herein as Ted E. Suhl; Laura Suhl; Shirley Suhl; Ted Suhl d/b/a

Arkansas Counseling Associates, Inc.; Ted Suhl d/b/a Trinity Behavioral Health; Ted Suhl d/b/a The

Lord's Ranch; Arkansas Counseling Associates, Incorporated; the Lord's Ranch Behavioral Health

Care System, Incorporated; Trinity Behavioral Health Care; Maxus, Inc.; Maxus, Inc. d/b/a Arkansas

Counseling Associates; Sherry Manley And Joel Landreneau, state the following as their Answer to

Plaintiff's Complaint:

1.      Paragraph 1 of Plaintiff's Complaint states legal conclusions to which no response

is required. To the extent a response is required, Defendants admits only so much of Paragraph 1

of Plaintiff's Complaint as it alleges that Plaintiff is purporting to bring this action against

Defendants on behalf of herself individually and on behalf of those similarly situated. Defendants

deny all remaining allegations of fact and/or conclusions of law set forth in Paragraph 1 of Plaintiff's

Complaint and deny that Plaintiff is entitled to any of the relief requested.

EXHIBIT

B

2.      As to Paragraph 2 of Plaintiff's Complaint, Defendants do not contest that this Court has jurisdiction or that venue is proper.  Any remaining allegations contained in Paragraph 2 of Plaintiff's Complaint are denied.

3.      As to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff previously provided services as a contract paraprofessional under written Paraprofessional Services Agreements with Maxus, Inc. Defendant are without sufficient information to admit or deny Plaintiff's allegation regarding her current County of residence and, therefore, deny this allegation out of an abundance of caution.  Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Complaint. However, Defendants admit that Ted E. Suhl is an owner and serves as President of Arkansas Counseling Associates, Inc. and of Maxus, Inc.

5.      Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. However, Defendants admit that Laura Suhl serves as the Vice President of Maxus, Inc.

6.      Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. However, Defendants admit that Shirley Suhl serves as the treasurer of Maxus, Inc.

7.      Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      Defendants deny the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint. However, Defendants admit that Arkansas Counseling Associates, Inc. is an Arkansas corporation.

11.     Defendants deny the allegations in Paragraph 11 of Plaintiff's Complaint.

2

12.     Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint. However, Defendants admit that Trinity Behavioral Health Care System, Incorporated is an Arkansas Corporation.

13.     As to Paragraph 13 of Plaintiff's Complaint, Defendants admit that Maxus, Inc. is an Arkansas corporation doing business in Faulkner County, Arkansas. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the allegations of Paragraph 14 of Plaintiff's Complaint as stated but deny the allegations to the extent that they are intended to reference specifically to Plaintiff's relationship with Maxus, Inc. under the terms of the written Paraprofessional Service Agreement.

15.     Defendants deny the allegations in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations in Paragraph 17 of Plaintiff's Complaint.

18.     Paragraph 18 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations of fact and/or conclusions of law set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants admit the allegations in Paragraph 21 of Plaintiff's Complaint. Plaintiff has failed to attach a copy of the Paraprofessional Service Agreement to her Complaint. Plaintiff's Complaint should, therefore, be dismissed for failure to comply with Rule 10(d) of the Arkansas Rules of Civil Procedure.

22.     Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

3

Pleading affirmatively, Defendants state that Plaintiff was not paid an hourly rate of paid.  Plaintiff was paid under the terms of the written Paraprofessional Service Agreement based on collected billings and on a sliding scale basis

23.   Defendants admit that the written Paraprofessional Service Agreement required Plaintiff to fulfill certain responsibilities that included travel, training, reporting, and billing. Defendants deny that Plaintiff fulfilled her responsibilities under the written Paraprofessional Service Agreement. Defendants deny the remaining allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24.   Defendants admit that Plaintiff was paid pursuant to the terms of the written Paraprofessional Service Agreement. Defendants deny that Defendants controlled Plaintiff's work schedules.  Plaintiff's duties, protocols, assignments and operating conditions were set by the standards applicable to her profession, minimum and mandatory government regulations and the terms of the written Paraprofessional Service Agreement.  Defendants admit that Maxus, Inc. maintained certain records related to the relationship set forth in the written Paraprofessional Service Agreement  Defendants deny the remaining allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25.   Defendants admit clients were billed for services Plaintiff performed as allowed and provided for by government regulations and the written Paraprofessional Service Agreement. Defendants deny the remaining allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26.   Defendants deny the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

4

27.     Defendants admit that Maxus, Inc. determined how many clients were assigned to Plaintiff under the terms of the written Paraprofessional Service Agreement. This assignment took into consideration several factors under the written Paraprofessional Service Agreement including, but not limited to, Plaintiff's own assignment preferences, Plaintiff's demonstrated abilities, Plaintiff's past performance, Plaintiff's compliance with government standards and regulations, and the various terms of the written Paraprofessional Service Agreement. Defendants deny the remaining allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29.     Defendants admit that Plaintiff signed multiple, written Paraprofessional Service Agreements that contained covenants not to complete in the event of the cancellation of the Agreements. Defendants deny the remaining allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

5

34.    Defendants admit that Plaintiff agreed to be paid under the terms of the written Paraprofessional Service Agreement. Defendants deny the remaining allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35.    Defendants admit that Plaintiff agreed to be paid under the terms of the written Paraprofessional Service Agreement. Defendants deny the remaining allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38.    As to Paragraph 38 of Plaintiff's Complaint, Defendants state that Plaintiff was paid pursuant to the terms of the written Paraprofessional Service Agreement, and Defendants deny that Plaintiff was entitled to additional compensation. Defendants deny all the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.    Defendants admit that Plaintiff's assignments under the written Paraprofessional Service Agreement were suspended as a result of multiple issues, including billing improprieties. After Plaintiff was informed of the suspension by Sherry Manley, Plaintiff requested that she be paid for amounts not owed under the written Paraprofessional Service Agreement. Defendants deny all the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41.    Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

6

42.     Defendants admit that Plaintiff's assignments under the written Paraprofessional Service Agreement were suspended due to a variety of reasons, including billing improprieties. Defendants deny all the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

44.     Defendants admit that, after Plaintiff was notified of the suspension, Plaintiff demanded payment under the written Paraprofessional Service Agreement. Defendants deny all the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     As to Paragraph 45 of Plaintiff's Complaint, Defendants state that Plaintiff was paid pursuant to the written Paraprofessional Service Agreement, and Defendants deny that Plaintiff was entitled to additional compensation. Defendants deny all the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

47.     Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

52.     Paragraph 52 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations of fact and/or conclusions of law set forth in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

7

55.     Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

56.     As to Paragraph 56 of Plaintiff's Complaint, Defendants state that Plaintiff was paid pursuant to her written agreement, and Defendants deny that Plaintiff was entitled to additional compensation.   Defendants deny all the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     As to Paragraph 57 of Plaintiff's Complaint, Defendants state that Plaintiff was paid pursuant to her written agreement, and Defendants deny that Plaintiff was entitled to additional compensation.   Defendants deny all the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

59.     Paragraph 59 of Plaintiff's Complaint states legal conclusions to which no response is required.   To the extent a response is required, Defendants deny all allegations of fact and/or conclusions of law set forth in Paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

63.     Defendants deny the allegations in Paragraph 63 of Plaintiff's Complaint.

64.     Defendants deny the allegations in Paragraph 64 of Plaintiff's Complaint.

65.     Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

68.     Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

69.     Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

70.     Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

71.     Paragraph 71 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations of fact and/or conclusions of law set forth in Paragraph 71 of Plaintiff's Complaint.

72.     As to Paragraph 72 of Plaintiff's Complaint, Defendants state that Plaintiff was paid pursuant to her written agreement, and Defendants deny that Plaintiff was entitled to additional compensation.  Defendants deny all the remaining allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations in Paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations in Paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations in Paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

78.     Defendants admit that Plaintiff's assignments under the written Paraprofessional Service Agreement were suspended for various reasons, including billing improprieties.  After Plaintiff was informed of the suspension by Sherry Manley, Plaintiff requested that she be paid for amounts not owed under the written Paraprofessional Service Agreement.  Defendants deny all the remaining allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.     Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

9

82.     Defendants deny the allegations in Paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint and deny that Plaintiff is entitled to any of the requested relief.

84.     All material allegations contained in the Complaint not specifically admitted herein are hereby denied.

85.     Pleading affirmatively, Plaintiff's claim is precluded due to the pendency of one or more actions brought by other individuals or entities.

86.     Pleading affirmatively, Defendants request an award of costs and attorneys' fees.

87.     Defendants affirmatively plead all defenses available under Rule 8 and 12 of the Arkansas and Federal Rules of Civil Procedure, including, but not limited to, estoppel, waiver, mistake, failure of consideration, accord and satisfaction, modification, payment and release, setoff, statute of frauds, laches, statute of limitations, unclean hands, non-occurrence of a condition precedent, and any other legal or equitable defenses allowed by the applicable statutes as well as Arkansas or Federal common law.

88.     Defendants deny any liability, but if this Court finds that Defendants are liable to the Plaintiff under any theory asserted by the Plaintiff, Defendants affirmatively state that the Plaintiff failed to mitigate her damages.

89.     Pleading affirmatively, the individually named Defendants should be dismissed as all alleged actions, if any, took place on behalf of, and/or within the scope of employment or other association with, a separate legally recognized entity for which they have no individual liability.

90.     Defendants assert all defenses and seek all relief to which they may be entitled pursuant to the Civil Justice Reform Act of 2003, as codified at Ark. Code Ann. § 16-55-201, et seq.

10

91.     Defendants deny that any person operating under a Paraprofessional Service Agreement with Maxus, Inc. was denied his or her rights under applicable federal or state wage and hour laws.

92.     Defendants deny that Plaintiff is similarly situated to any larger group of individuals and also deny that any such individuals were mis-classified or improperly treated.

93.     Defendants deny that Plaintiff meets the requirements necessary to represent any other individuals.

94.     Pleading affirmatively, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

95.     Pleading affirmatively, any injury to Plaintiff, the existence of which Defendants specifically deny, was caused by Plaintiff and/or third parties over whom Defendants had no control.

96.     Pleading affirmatively, all of the business decisions and actions made or taken with respect to Plaintiff were justified by legitimate business reasons.

97.     Pleading affirmatively, one or more of Plaintiff's claims are barred because they are preempted by federal law.

98.     Pleading affirmatively, Plaintiff's equitable claims, if any, are barred because she has an adequate remedy at law.

99.     Pleading affirmatively, to the extent Plaintiff seeks relief under the FLSA for any period more than two years prior to the filing of this lawsuit, such claims are barred because Plaintiff has failed to allege facts sufficient to plead or prove a willful violation of the FLSA.

100.    Pleading affirmatively, Plaintiff is not entitled to recover any damages, the existence of which damages Defendants specifically deny, as Defendants acted in good faith reliance on the

11

Wage and Hour Administrator's regulations and decisions, the regulations and decisions of the Arkansas Department of Labor, and the decisions of federal and state courts.

101.    Pleading affirmatively, Plaintiff is not entitled to recover any damages, the existence of which damages Defendants specifically deny, as Plaintiff has been properly paid all amounts due to her under the FLSA and/or the AMWA.

102.    Pleading affirmatively, Plaintiff is not entitled to recover any damages under the FLSA or the AMWA, the existence of which damages Defendants specifically deny, because she, at all relevant times, performed in a professional capacity and/or was an independent contractor as those terms are defined under the FLSA and AMWA and was therefore exempt from the FLSA and AMWA.

103.    Pleading affirmatively, Plaintiff acknowledged, ratified, consented to, and acquiesced in the alleged acts or omissions, if any, of Defendants, thus barring Plaintiff from any relief as prayed for in Plaintiff's Complaint.

104.    Pleading affirmatively, Plaintiff's claim for "willful" violations of the FLSA is barred by 29 C.F.R. § 578.3(c) because Plaintiff cannot show that Defendants knew or acted with reckless disregard.

105.    Pleading affirmatively, Plaintiff is not entitled to recover liquidated or exemplary damages, the existence of which damages Defendants specifically deny, as Plaintiff has not set forth and cannot set forth sufficient facts to support a claim for liquidated or exemplary damages.

106.    Defendants deny that Plaintiff may maintain this action as a collective or representative action because she cannot satisfy the requirements of 29 U.S.C. § 216, civil procedure Rule 23, or any other applicable statute or rule.

12

107.    Pleading affirmatively, Plaintiff has failed to satisfy the requirements of the FLSA by not filing the requiring consent to join.

108.    Pleading affirmatively, the claims and allegations of Plaintiff are not typical of the claims of the purported class members, and she will not fairly and adequately protect the interest of the purported class members.

109.    Pleading affirmatively, certain of the interests of the proposed class members are in conflict with interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiff purports to represent, the existence of which is expressly denied.

110.    Defendants deny that this action should proceed as a class action because the parties are not numerous within the meaning of applicable class action requirements, there is not a common or general interest in the alleged class, there is not a community of interest among the alleged class members, and/or there is not a risk of substantial prejudice from separate actions.

111.    Pleading affirmatively, for any damages for which any Defendant is found liable, the existence of which Defendants specifically deny, such Defendant is entitled to a set-off or credit for any amounts Plaintiff earned or received or could have earned or received through reasonable efforts on her part.

112.    Pleading affirmatively, Plaintiff's prayer for certification of a collective action and/or class action, notice to alleged class members, liquidated damages, pre-judgment or post-judgment interest, attorneys' fees, costs, and/or any other equitable relief are not triable to a jury.  Defendants demand a trial by jury on all other issues that are so triable.

113.    Pleading affirmatively, Defendants assert that all actions relating to Plaintiff were undertaken in good faith and for legitimate, nondiscriminatory and non-retaliatory reasons.

114.    Pleading affirmatively, Defendants assert that the relief the Plaintiff is seeking is barred by the Statute of Fraud and the Right to Work Doctrine adopted by the State of Arkansas.

115.    Pleading affirmatively, Plaintiff's claims are barred to the extent that Defendants have not violated any contractual or other legal duty owed to her.

116.    Pleading affirmatively, Plaintiff's claims are barred to the extent that she has not sustained any adverse employment action by any Defendant.

117.    Pleading affirmatively, Defendants assert good faith conduct as a defense in accordance with the provisions of Section 11 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 260 to the extent that the Court may find violations of the FLSA as alleged by Plaintiff.

118.    Pleading affirmatively, Plaintiff's retaliation claims under the FLSA and the AMWA are barred to the extent that Defendants did not retaliate against her for any protected activity in which she may have engaged.

119.    Pleading affirmatively, Plaintiff's claims are barred to the extent that her assignments under the Written Paraprofessional Service Agreement would have been suspended absent any activity by her that may have been protected under the FLSA and/or the AMWA.

120.    Defendants affirmatively state that this Court has supplemental jurisdiction over Plaintiff's state AMWA claim solely as to herself, and to no other putative class member.

121.    Defendants state that there is no Arkansas corporate entity named "Arkansas Counseling Associates, Incorporated."   Defendants are aware of an entity named "Arkansas Counseling Associates, Inc." which has no connection with the allegations in this lawsuit. Defendants are also aware that Maxus, Inc. operates under the fictitious name "Arkansas Counseling Associates."   Thus, the term "Arkansas Counseling Associates, Incorporated" should be removed

14

from the style of this case and "Arkansas Counseling Associates, Incorporated" should not be considered to be a party to this action.

122. Defendants state that Ted E. Suhl and the other individually-named Defendants should be dismissed as all alleged actions, if any, took place on behalf of, and/or within the scope of employment or other association with, a separate legally recognized entity for which they have no individual liability. Alternatively, if this Court determines that Ted E. Suhl should remain an individual defendant in this lawsuit, the following phrases should be removed from the style of this case: "d/b/a Arkansas Counseling Associates, Inc.," "d/b/a Trinity Behavioral Health," and "d/b/a The Lord's Ranch." These phrases are confusing and prejudicial in that they give the appearance that Ted E. Suhl is somehow more than one party to this litigation.

123. Defendants state that there is no Arkansas corporate entity named "The Lord's Ranch Behavioral Health Care System, Incorporated." Thus, the term "The Lord's Ranch Behavioral Health Care System, Incorporated" should be removed from the style of this case and "The Lord's Ranch Behavioral Health Care System, Incorporated" should not be considered to be a party to this action.

124. Defendants state that there is no Arkansas corporate entity named "Trinity Behavioral Health Care." Thus, the term "Trinity Behavioral Health Care" should be removed from the style of this case and "Trinity Behavioral Health Care" should not be considered to be a party to this action.

125. Defendants state that there is no recognizable distinction between "Maxus, Inc" and "Maxus, Inc. d/b/a Arkansas Counseling Associates." Thus, the style of this case should be corrected because it incorrectly states that "Maxus, Inc" and "Maxus, Inc. d/b/a Arkansas Counseling

15

Associates" are two separate and distinct parties in this action. This is prejudicial and confusing.

126.    Defendants affirmatively plead and specifically state that this matter should be dismissed as to each named Defendant for insufficiency of process as well as insufficiency of service of process, pursuant to Rule 12(b)(4) and 12(b)(5).

127.    Pleading affirmatively, Plaintiff's Complaint is barred due to Plaintiff's failure to exhaust administrative and other remedies.

128.    Defendants reserve the right to file additional and/or amended pleadings, including, but not limited to, an amended answer, following investigation and discovery of the facts herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with costs taxed against Plaintiff, and for such other relief as requested herein or as the Court deems just and proper.

Respectfully Submitted,

Tony L. Wilcox (#93084)
**WILCOX & LACY, PLC**
600 South Main Street
Jonesboro, Arkansas 72401
(870) 931-3101

Chris A. Averitt (#98123)
**SCHOLTENS & AVERITT, PLC**
113 East Jackson Avenue
Jonesboro, AR 72401
(870) 972-6900

Attorneys for Defendants

By:    _Tony d. Wilcox_

Tony L. Wilcox (#93084)

16

## CERTIFICATE OF SERVICE

  I, Tony L. Wilcox, hereby certify that a true and correct copy of the foregoing was served this 13th day of March, 2015 by placing a copy in the U.S. Mail, postage paid, to the following counsel of record:

Denise Reid Hoggard
Rainwater, Holt & Sexton, P.A.
P. O. Box 17250
Little Rock, AR 72222

              _____
              Tony L. Wilcox

17