IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
1st DIVISION___ DIVISION

FILED
2015 JAN 26 AM 9 26
RHONDA WHARTON
BY [signature]

AMBER GLOVER, on Behalf of Herself
And Those Similarly Situated                                               PLAINTIFF

VS.                              NO. CV-15-68

TED E. SUHL; LAURA SUHL; SHIRLEY SUHL;
TED SUHL d/b/a ARKANSAS COUNSELING
ASSOCIATES, INC.,; TED SUHL d/b/a TRINITY
BEHAVIORAL HEALTH; TED SUHL d/b/a
THE LORD'S RANCH; ARKANSAS COUNSELING
ASSOCIATES, INCORPORATED; THE LORD'S RANCH
BEHAVIORAL HEALTH CARE SYSTEM, INCORPORATED;
TRINITY BEHAVIORAL HEALTH CARE;
MAXUS, INC..; MAXUS, INC. d/b/a ARKANSAS
COUNSELING ASSOCIATES; SHERRY MANLEY
and JOEL LANDRENEAU                                                        DEFENDANTS



23CV-15-68         231-23100008872-101
AMBER GLOVER V TED E. SUHL  12 Pages
FAULKNER CO        01/26/2015 09:26 AM
CIRCUIT COURT                       CC05

## COMPLAINT

Plaintiff, Amber Glover, comes by and through undersigned counsel and for her Complaint against Defendants states:

1. This is an individual and collective action brought for minimum wage and overtime violations, for Plaintiff and those similarly situated to her as employees of Defendants, of the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, et seq. (the "AMWA"); and the Fair Labor Standards Act, 29 U.S.C.A. §206, 207. It is also brought pursuant to Ark. Code Ann. §11-4-205 for Defendant's failure to pay final wages when due. It is also brought for violation of the AMWA and the FLSA for retaliatory discharge from her employment.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this case pursuant to Arkansas Code Ann. §16-13-201 and pursuant to the FLSA, 29 U.S.CA. §201 *et seq.* Arkansas Code Ann. §11-4-218(c) provides that "[t]he venue of the action shall lie in the circuit court of the county in which



the services that are the subject of employment were performed." In this case, Plaintiff performed the services that are the subject of the employment in and near the city of Conway, Faulkner County, Arkansas.

**PARTIES**

3. Plaintiff Amber Glover is a resident of Faulkner County, Arkansas. Plaintiff was formerly employed by Defendants.

4. Defendant Ted E. Suhl, is owner and president of Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus Corp. and Maxus d/b/a Arkansas Counseling Associates. At all times relevant hereto, he was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

5. Defendant Laura Suhl, is an officer in Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus, d/b/a Arkansas Counseling Associates and Maxus Corp. Defendant Laura Suhl, is the vice president of Maxus Corp. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

6. Defendant Shirley Suhl, is an officer in Arkansas Counseling Associates, The Lord's Ranch Behavioral Health Care System, Incorporated, Maxus, d/b/a Arkansas Counseling Associates and Maxus Corp. Defendant Shirley Suhl, is the treasurer of Maxus Corp. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She

managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

7.     Defendant Ted E. Suhl did business as Arkansas Counseling Associates Inc. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

8.     Defendant Ted E. Suhl did business as Trinity Behavioral Health. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

9.     Defendant Ted E. Suhl did business as the Lord's Ranch. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

10.    Defendant Arkansas Counseling Associates, Incorporated is an Arkansas corporation doing business in Faulkner County, AR. Defendant Arkansas Counseling Associates, Inc. is a business in Arkansas, owned and operated by Maxus Inc.., and/or Trinity Behavioral Health Care and Ted E. Suhl. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

11.    The Lord's Ranch Behavioral Health is a company doing business in Faulkner County, AR. Defendant the Lord's Ranch is a residential care facility owned and operated by Maxus Corp., and/or Trinity Behavioral Health Care and Ted E. Suhl. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

12.    Trinity Behavioral Health Care is a company doing business in Faulkner County, AR. Defendant Trinity Behavioral Health Care is an Arkansas corporation with a principal place

of business in Pocahontas, Arkansas. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

13. Maxus, Inc. is an Arkansas corporation doing business in Faulkner County, AR. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA. Defendant Maxus Corp. is an Arkansas corporation with a principal place of business in Pocahontas, Arkansas.

14. Maxus, Inc. d/b/a Arkansas Counseling Associates is a company doing business in Faulkner County, Arkansas. At all times relevant hereto, it was an employer within the meaning of the AMWA and the FLSA.

15. Sherry Manley was at all relevant times, an officer or agent for Maxus Corp. and Maxus d/b/a Arkansas Counseling Associates. At all times relevant hereto, she was an employer within the meaning of the AMWA and the FLSA. She managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

16. Defendant Joel Landreneau was at all relevant times, an officer or agent for Maxus Corp. At all times relevant hereto, he was an employer within the meaning of the AMWA and the FLSA. He managed and controlled operations of the business and the employment policies including but not limited to classification of counselors and how they would be paid.

17. Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. §203(r) and §203(s). Defendants constitute an "enterprise" within the meaning of 29 U.S.C. §203(r)(1), they performed related activities through common control for a common business purpose. At relevant times, the enterprises engaged in commerce within the meaning of 29 U.S.C. §206(a) and §207(a).

18. At all relevant times, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the AMWA and the FLSA.

19. No exceptions or exemptions of the AMWA and the FLSA apply to Plaintiffs and the proposed class.

20. Plaintiff and those similarly situated do not fit the definition of "independent contractor" as defined under Ark. Code Ann. §11-4-201, *et seq.*

**FACTUAL ALLEGATIONS**

21. On August 24, 2012, Plaintiff signed a Paraprofessional Service Agreement with Defendant Maxus d/b/a Arkansas Counseling Associates. The Agreement was drafted by one or more of the Defendants.

22. The Agreement provided that Plaintiff would be paid an hourly rate of pay, and would be required to provide counseling services to Defendants' clients.

23. She was required to travel between facilities, attend mandatory training courses, and draft reports and billing statements, all for the benefit of Defendants.

24. Defendants paid Plaintiff her wages and benefits, controlled her work schedules, duties, protocols, assignments and employment conditions, and kept at least some records regarding her employment.

25. Plaintiff performed her duties for the benefit of Defendants and for advancing their business interests. Defendants then billed its clients for services Plaintiff performed.

26. Defendants classified Plaintiff as non-exempt under the AMWA and the FLSA, and in all relevant respects treated her as an hourly employee. Taxes were withheld from her payroll and she was issued a W-2 Internal Revenue Service form at the end of the year.

27. Defendants determined how many clients were assigned to Plaintiff.

28. Defendants required that Plaintiff only perform counseling services for clients they assigned to Plaintiff.

29. Defendants prohibited Plaintiff from performing services for competing companies.

30. Defendants set the fees to be paid by clients for the services Plaintiff performed.

31. Plaintiff performed services under the Defendants' names.

32. The services Plaintiff performed were directly integrated into the Defendants' business.

33. Defendants required Plaintiff to provide counseling services to its clients without regard to how long it took her to provide the services.

34. Defendants' stated policy was that Plaintiff would be paid based upon the number of billable hours that Defendants were actually paid for providing services without regard to what hours she worked to provide the services.

35. Defendants' stated policy was that Plaintiff was not paid for time she traveled to and from client's homes or schools where she provided the services.

36. Plaintiff was required to complete a timesheet of her hours worked but was not allowed to record her travel time, nor actual hours of work.

37. Plaintiff's regular rate of pay was $18.75 per hour.

38. Plaintiff was not paid minimum wages for all hours worked and was not paid an overtime premium for hours worked over 40 in a workweek.

39. Plaintiff complained to management and to Defendant Sherry Manley that she was not being paid for all hours worked.

40. Subsequent to having complained about not being paid her wages owed to her under the AMWA and the FLSA, Plaintiff's employment was terminated.

41. Others similarly situated were also employed as "counselors" by Defendants and subjected to the same terms and conditions for pay.

42. On December 20, 2013, Plaintiff's employment was suspended and she was told by Defendant Manley that the suspension had "something" to do with billing.

43. Defendants failed to pay Plaintiff for her work performed from December 6, 2013 through December 20, 2013.

44. Plaintiff made five requests to be paid her final pay.

45. Defendants did not pay Plaintiff after her timely requests.

**PROPOSED COLLECTIVE FLSA AND RULE 23 CLASS**

46. Plaintiff brings this action for relief as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by Defendants as "Counselors" improperly classified as independent contractors at any time within the applicable statute of limitations period, who are entitled to the follow damages:

(a) minimum wages for the first forty (40) hours for each hour worked in a work week; and

(b) overtime premium pay for all hours worked in excess of forty (4) hours in a work week.

47. Plaintiff will fairly and adequately represent and protect the interests of the proposed class. There is no conflict between the claims. Plaintiff's claims are typical. There are questions of law and fact which predominate over questions affecting only the Plaintiff. Plaintiff's counsel are competent to litigate Rule 23 class actions, including wage and hour cases.

48. Damages extend through the relevant time period of three years from the date on which this Complaint is filed and continue through the date of judgment. 29 U.S.C. §255(a). For Rule 23 class claims through the Arkansas Minimum Wage Act, A.C.A. §11-4-201, *et seq.* is five years from the date the Complaint if filed and continuing through the date of judgment.

49. Plaintiff does not have an exact number of how many people are within this class but believes there are more than 50 persons.

50. Defendants should be able to readily identify the members of the class who are current and former employees. The names and physical and mailing addresses of the class members are available from Defendant and notice should be provided via first class mail and email to their last known physical and mailing addresses as soon as possible.

51. The proposed class under both Fed. R. Civ. P. 23 and the collective provisions of the FLSA is composed of persons who, during the relevant time period, worked for Defendants providing counseling services to their clients and were denied their clearly-established, fundamental rights under applicable federal and state law.

**FIRST CAUSE OF ACTION – FAILURE TO PAY STATUTORY MINIMUM WAGE**

52. Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, and the Arkansas Minimum Wage Act, Plaintiff makes this claim for damages and declaratory relief.

53. At all times relevant to this cause, Defendants were employers as defined under the Act, engaged in interstate commerce and/or in the production of goods for commerce.

54. At all times relevant to this cause, Defendants employed and continue to employ employees, including Plaintiff and each of the prospective FLSA Collective Action Plaintiffs, in interstate commerce within the meaning of the FLSA and the AMWA.

55. At all times relevant to this cause, Defendants had gross annual operating revenues in excess of $500,000.

56. Defendants failed to pay Plaintiff and the prospective FLSA Collective Action Plaintiffs minimum wages set forth in the FLSA.

57. Defendants failed to pay Plaintiff and the prospective Rule 23 plaintiffs' minimum wages set forth in the AMWA.

58. Plaintiff and the Class members are entitled to the full amount of unpaid minimum wages, costs and such reasonable attorney fees as may be allowed. They are also entitled to an additional amount paid as liquidated damages.

**SECOND CAUSE OF ACTION – FAILURE TO PAY STATUTORY OVERTIME PAY**

59. Pursuant to the FLSA, 29 U.S.C. §201 *et seq.*, and the Arkansas Minimum Wage Act, Plaintiff makes this claim for damages and declaratory relief.

60. Defendants are required to pay Plaintiff and the prospective Rule 23 plaintiffs at a rate of one and one-half times the regular rate of pay for hours worked in excess of forty in a workweek.

61. Defendants suffered or permitted Plaintiff and the prospective Rule 23 plaintiffs more than forty hours in a workweek.

62. Defendants failed to pay Plaintiff and the prospective FLSA Collective Action Plaintiffs overtime pay set forth in the FLSA.

63. Defendants failed to pay Plaintiff and the prospective Rule 23 Plaintiffs overtime pay set forth in the AMWA.

64.     Plaintiff and the Class members are entitled to the full amount of the wages, costs and such reasonable attorney fees as may be allowed. They are also entitled to an additional amount paid as liquidated damages.

**THIRD CAUSE OF ACTION – UNJUST ENRICHMENT**

65.     Defendants received value from Plaintiff and the proposed class members without providing compensation.

66.     Defendants obtained substantial benefits by billing clients for services performed by Plaintiff and the proposed class members for which Defendants did not pay.

67.     Defendants conduct was willful and not the result of mistake or inadvertence.

68.     It is inequitable to allow Defendants to retain benefits received without having compensated Plaintiffs for the work performed.

69.     As a direct result of Defendants' unlawful, unjust and inequitable conduct, Plaintiff and all members of the proposed Class have suffered damages.

70.     Plaintiff and all members of the proposed Class are entitled to a judgment for their financial loss, prejudgment interest, attorneys' fees and costs and all other relief to which they may be entitled.

**FOURTH CAUSE OF ACTION -- FAILURE TO PAY FINAL WAGES UPON DEMAND**

71.     Upon termination of Plaintiff's employment by Defendants, Arkansas statute requires Defendants to tender the unpaid wages to Plaintiff, at the contract rate. A.C.A. §11-4-405.

72.     Defendants did not tender the unpaid wages to Plaintiff at the contract rate at the time of her termination.

73. Plaintiff made a timely demand for payment of her unpaid wages owed as of her date of termination.

74. Defendants continued to fail or refused to make payment of Plaintiff's unpaid wages owed as of her date of termination.

75. Plaintiff is entitled to payment of all unpaid through the date of her termination and for payment of an amount equal to her unpaid wages for 60 days from the date of her termination.

**FIFTH CAUSE OF ACTION – RETALIATION**

76. Plaintiff engaged in a protected activity, including but not limited to questioning Defendants about her pay, requesting pay for hours worked.

77. Defendants were aware that Plaintiff was engaging in this protected activity.

78. On December 20, 2013, Plaintiff was suspended within hours of making a request about her pay and benefits.

79. Defendants then terminated Plaintiff.

80. Defendants decision to terminate Plaintiff was motivated by Plaintiff's exercise of rights protected by the FLSA and the AMWA.

81. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages and continue to suffer damages.

82. Plaintiff is entitled to injunctive relief, monetary relief, costs of this action and a reasonable attorney fee.

**PRAYER FOR RELIEF**

83. Plaintiff prays for this Court:

(1) Grant a declaratory judgment that actions taken against Plaintiff were in violation of the FLSA and the AMWA;

(2) Grant a declaratory judgment that actions taken against Plaintiff unjustly enriched Defendants;

(3) Conditionally and conclusively certify the Class which Plaintiff seeks to represent;

(4) Provide notice to the proposed Class;

(5) Award Plaintiff and the proposed Class their actual economic damages in an amount to be determined at trial;

(6) Award Plaintiff and the proposed Class an amount equal to their actual economic damages, in an amount to be determined at trial;

(7) Award Plaintiff and the proposed Class an amount to compensate them for Defendants unjust enrichment at their expense;

(8) Award Plaintiff her back pay, front pay, pre-judgment interest, post-judgment interest, attorneys' fees, costs and such other sum as will make her whole for the unlawful acts taken against her in the termination of her employment;

(9) Award Plaintiff her final wages plus an equal amount for 60-days for violation of A.C.A. §11-4-405; and

(10) All other relief to which Plaintiff and the proposed Class is entitled to.

84. Plaintiff demands trial by a jury.

Respectfully submitted,

By: _____
Denise Reid Hoggard, AR Bar # 84072
Rainwater, Holt & Sexton, P.A.
PO Box 17250
Little Rock, AR 72222
501-868-2500
501-868-2505
hoggard@rainfirm.com